## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-24896-CV-LENARD
### (16-20177-CR-LENARD)
### MAGISTRATE JUDGE REID

FULVIO MONETTI,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

### <u>REPORT OF MAGISTRATE JUDGE</u>

This matter is before the court on movant's *pro se* motion to vacate, filed under 28 U.S.C. § 2255. The undersigned has reviewed all pertinent portions of the records in both this case and the underlying criminal case. As discussed below, movant's motion should be **DENIED**.

### I.     Background

A.     <u>Underlying Criminal Case</u>

    1.     *Indictment, Written Plea Agreement, and Factual Proffer*

A federal grand jury indicted movant for receipt of child pornography (count 1), transportation of child pornography (count 2), and possession of child pornography (count 3). [Cr-ECF 10].

Movant pleaded guilty pursuant to a written plea agreement. [Cr-ECF 31]. The agreement provided that, in exchange for pleading guilty to count 1, the government would seek dismissal of the remaining counts after sentencing. [*Id.* p. 1].

Movant also signed a factual proffer. [Cr-ECF 30]. The proffer states that, on multiple occasions between August 2014 and July 2015, movant knowingly received visual depictions involving the use of a minor engaged in sexually explicit conduct using his laptop. [*Id.* p. 2]. The proffer further states that, during the same time period, investigators: (1) identified four IP addresses sharing child pornography, all of which were assigned to movant's home; and (2) accessed the pornography through the Ares Peer-to-Peer file-sharing network. [*Id.* p. 1; Cr-ECF 70, p. 4]. Additionally, the proffer states that movant thereafter went to Spain and that, upon return, his ASUS laptop was seized pursuant to border authority. [Cr-ECF 30, p. 1]. A search of movant's laptop showed the Ares software had been downloaded on it, and his laptop contained photographs and videos of child pornography. [*Id.* p. 2; Cr-ECF 70, p. 4]. The proffer adds that movant was the only user of the laptop during the relevant time period. [Cr-ECF 30, p. 1].

## 2.   *Change-of-Plea Hearing*

The court held a change-of-plea hearing. [Cr-ECF 62]. Regarding competency, movant stated that he had a bachelor's degree, was not then under the

influence of any drug, medication, or alcoholic beverage, and had not recently been hospitalized for any reason or under the care of a doctor or psychiatrist. [*Id.* p. 3]. Likewise, he stated that his ability to understand the charges had not been affected by any drug, medication, or alcoholic beverage. [*Id.*]

The court then discussed movant's rights, including the right to plead not guilty and the right to a jury trial where the prosecution would have to prove his guilt beyond a reasonable doubt. [*Id.* pp. 4-5]. Movant stated that he understood that, by pleading guilty, he was waiving these rights. [*Id.* p. 5].

The court read count 1 of the indictment. [*Id.* p. 6]. Movant, likewise, stated that he had read the indictment. [*Id.* p. 4]. Then, the government stated a factual basis for the offense, averring that, had the case gone to trial, it would have been able to prove those facts beyond a reasonable doubt. [*Id.* pp. 6-9]. Those facts included the facts in the proffer, as well as the fact that investigators recovered 45 video files and more than 600 images of child pornography. *See* [*id.*]

Defense counsel responded that, while movant was prepared to stipulate to the facts sufficient for the entry of his plea, counsel believed that the total number of images would be decided by Probation at sentencing because the number was "somewhat in dispute." [*Id.* p. 9].

Initially, movant stated that, given the caveat about the total number of images, he admitted the facts as stated by the prosecutor. [*Id.* p. 10]. Further, he

initially stated that he had read the proffer, discussed it with his attorney, and understood it before he signed it. [*Id.*] He also stated that he signed it freely and voluntarily. [*Id.*]

The court then asked movant whether, given the caveat regarding the total number of images, he had any deletions or corrections to the proffer or the factual basis stated in court. [*Id.*] Movant asked to speak with his counsel. [*Id.*] Counsel then stated that, while the image that the government mentioned in court involved a preteen image, the issue of any enhancement for a prepubescent image would be "left up to Probation and [] argument at sentencing." [*Id.* p. 11].

For that reason, the court initially refused to accept the plea. [*Id.*] After counsel stated that movant was ready to go forward with his plea, the court again asked movant if, given the caveat regarding the total number of images, he had any deletions or corrections to the proffer or the factual basis stated in court. [*Id.* p. 12]. Movant stated that, while the title of the preteen image was correct, he would not say that its "content [] pertain[ed] to the title that was read." [*Id.*] The court again stated that it would not accept the plea. [*Id.*]

After conferring with movant, counsel again stated that movant was ready to plead guilty. [*Id.* p. 13]. The court again asked him if, other than the total number of images, he had any deletions or corrections to the proffer or the factual basis. [*Id.*] Movant said that he did not and apologized for the misunderstanding. [*Id.*] Further,

he stated that he wished to plead guilty to count 1 and was pleading guilty because he was guilty. [*Id.*]

Regarding sentencing, the court stated that count 1 carried a 5-year minimum sentence and a 20-year maximum sentence and told movant that he could receive any appropriate sentence within this range. *See* [*id.* pp. 13-14, 17]. Further, the court stated that it could not determine the advisory guideline range until after Probation prepared the Presentence Investigation Report ("PSI"). [*Id.* p. 16]. Movant stated that he discussed the guidelines with his attorney, and the court told him that the sentence imposed could differ from any estimate that his attorney gave him. [*Id.* pp. 16-17].

Regarding the voluntariness of his plea, movant stated that: (1) he was making his guilty plea freely and voluntarily; (2) no one had forced, threatened, or coerced him to plead guilty; and (3) no one had made any representations to convince him to plead guilty other than those in the plea agreement. [*Id.* pp. 17-18]. Further, movant stated that he had had enough time to fully confer with his attorney about the case and was satisfied with him. [*Id.* p. 18].

The court then reviewed the plea agreement. [*Id.* pp. 18-25]. The court told movant that it could sentence him above or below the advisory guideline range and impose a sentence up to the statutory maximum sentence. [*Id.* pp. 18-19]. Further, the court stated that any estimate of a sentence or sentencing range that movant might

have received from his attorney was a prediction, not a promise, and would not bind the court. [*Id.* p. 21]. Additionally, the court stated that, if movant's sentence was more severe than expected, the plea agreement and his guilty plea would still bind him. [*Id.* p. 26].

Movant stated that he had read, understood, and discussed with his attorney the plea agreement before he signed it. [*Id.* p. 25]. Further, he stated that no one had made any other promises or assurances to induce him to sign the plea agreement and plead guilty. [*Id.*] Likewise, he stated that no one had threatened or forced him to sign the plea agreement and plead guilty. [*Id.*] Movant added that he fully understood all the possible consequences of pleading guilty and had no questions in that regard. [*Id.* p. 27].

The court found that movant was fully competent and capable of entering an informed plea and that he was aware of the nature of the charge and the consequences of the plea. [*Id.*] Further, the court found that the guilty plea was knowing and voluntary and supported by an independent basis of fact containing each of the essential elements of the offense. [*Id.*] The court then accepted the plea and adjudicated movant guilty of count 1. [*Id.*]

3.     *PSI and Sentencing*

The PSI said that movant's laptop computer "contained 4,518 images of child pornography." *United States v. Monetti*, 705 F. App'x 865, 866 (11th Cir. 2017) (per

curiam). "It also said [that movant] left the Ares program running on his computer, which allowed other users to download the files in his shared folder." *Id.* at 866-67. "Through that process, he shared 176 files of child pornography with others." *Id.* at 867.

The PSI calculated movant's "total offense level to be 34." *Id.* "This calculation included a two-level increase for distribution of child pornography under . . . [U.S.S.G.] § 2G2.2(b)(3)(F)." *Id.* The PSI "also set out that [movant] had a criminal history category of I." *Id.* It thus set movant's "guideline imprisonment range at 151 to 188 months." *Id.*

After hearing the parties' testimony regarding the propriety of the distribution enhancement, the district court overruled movant's objection. *Id.* The court found that movant "knew files in his shared folder would be shared with others based on two facts: (1) [movant] changed the default sharing settings in the Ares program, which showed he understood that files in the shared folder could be downloaded by other users; and (2) [movant] kept the program running on his computer, which allowed other users to download content from his shared folder." *Id.*

Movant "also requested a variance from the guidelines imprisonment range down to 60-months imprisonment." *Id.* at 868. When sentencing movant, the court specifically noted that [movant] committed a very, very serious offense, but also that he had no criminal history and the evidence in the record indicate[d] he ha[d] a low

risk of recidivism." *Id.* (alteration in original). Thus, the court "sentenced [movant] below his guideline range to 144-months imprisonment." *Id.*; *see also* [Cr-ECF 52; 64].

### 4.    *Direct Appeal*

Movant appealed. *See generally Monetti*, 705 F. App'x 865; [Cr-ECF 70]. The Eleventh Circuit held that the "district court . . . did not err in finding [that movant] knowingly distributed child pornography." *Monetti*, 705 App'x at 869 (citation omitted). Further, the Eleventh Circuit rejected movant's argument that his below-guidelines, 144-month sentence was substantively unreasonable. *Id.* Therefore, the court affirmed his sentence. *Id.*

## B.    This § 2255 Case

Movant timely filed a § 2255 motion and supporting memorandum. [Cv-ECF 1; 3]. Movant raises four grounds for relief. The first ground alleges that counsel ineffectively failed to investigate "exculpatory evidence." [Cv-ECF 1, p. 2]. In support, movant contends that: (1) he did not live at the address where the investigators accessed the child pornography; (2) someone else downloaded the child pornography when the laptop was in Italy; (3) counsel failed to interview witnesses, including other people who used the laptop; and (4) movant allegedly passed a polygraph examination of his contention that he was innocent. [*Id.* pp. 2-7].

The second ground alleges that counsel ineffectively caused movant to plead guilty. In support, he alleges that counsel: (1) induced him to plead guilty by, *inter alia*, telling him that he faced long odds at trial and assuring him that he would likely receive a 5-to-6-year sentence if he pleaded guilty; (2) advised him not to object to inaccuracies in the plea agreement and factual proffer because he could contest them at the change-of-plea hearing; and (3) told him to agree to the government's accusations and representations at the change-of-plea hearing even though several of them were untrue and movant wanted to contest them. [*Id.* pp. 8-15].

The third ground alleges that counsel ineffectively failed to file a motion to suppress based on the government's 23-day delay in requesting a search warrant after seizing his laptop computer. [*Id.* pp. 17-19].

The fourth ground alleges that counsel ineffectively failed to advise movant that the government had to prove beyond a reasonable doubt that he "knowingly" received the images. [*Id.* p. 20].

The government filed a response. [Cv-ECF 13]. Movant replied. [Cv-ECF 22].

## II.    Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, movant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

When evaluating post-guilty plea claims of ineffective assistance, statements made under oath during a plea colloquy usually bind defendants. "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* at 74; *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." (citation omitted)).

Movant has the burden of proof on his ineffectiveness claims, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under

§ 2255, *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

## III.   Discussion

A.   <u>Ground 1</u>

The essence of movant's claim is that he was innocent because he did not receive child pornography and counsel failed to investigate his innocence. The record contradicts this claim. The factual proffer states that movant knowingly received child pornography on his laptop computer and sets forth additional facts to support this statement. Likewise, movant stated during the change-of-plea hearing that, other than the caveat regarding the total number of child pornography images, he did not have any deletions or corrections to the proffer or the factual basis stated at the hearing. Those facts included the investigators' recovery of 45 video files and more than 600 explicit images of children on his laptop. Furthermore, movant stated at the change-of-plea hearing that he: (1) had had enough time to fully confer with his attorney about the case; (2) was satisfied with his representation; and (3) wished to plead guilty and was doing so because he was guilty. Thus, the record contradicts this claim.

B.    <u>Ground 2</u>

Ground 2 alleges that counsel ineffectively induced movant to plead guilty by telling him he faced long odds at trial, promising him a specific sentence, and advising him to falsely admit his guilt. The record contradicts this claim.

Counsel's alleged advice that movant faced long odds at trial was true given the admissions he made in his factual proffer and at the change-of-plea hearing. Movant's unsupported, after-the-fact statements to the contrary fail to overcome the presumption that these statements were true.

The record contradicts the contention that counsel promised movant a specific sentence and advised him to falsely admit his guilt. At the change-of-plea hearing, movant stated that no one had coerced him to plead guilty or made any representations to convince him to plead guilty other than those in the plea agreement. Again, movant's unsupported and conclusory contention that counsel told him to untruthfully make such representations at the change-of-plea hearing fails to overcome the presumption that they were true. And, to reiterate, the notion that counsel advised movant to falsely admit his guilt contradicts the necessary admissions movant made when pleading guilty.

In short, ground 2 fails.

C.     <u>Ground 3</u>

The third ground alleges that counsel ineffectively failed to file a motion to suppress based on the government's 23-day delay in requesting a search warrant after seizing movant's laptop computer at the border. Movant cannot show prejudice on this claim. *See generally Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (Where the court evaluates a claim that ineffective assistance led to the improvident acceptance of a guilty plea, the defendant must show "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." (alteration in original) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985))).

Movant's laptop was seized at the border on January 11, 2016. However, the proffer states that, between August 2014 and July 2015, investigators accessed child pornography from a computer assigned to IP addresses from movant's home. Furthermore, the proffer states, and movant does not dispute, that agents seized the laptop on January 11, 2016 and conducted a "preliminary forensic examination of the laptop [that] revealed numerous photographs and . . . video files containing visual depictions involving the use of minors engaged in sexually explicit conduct." [Cr-ECF 30, p. 2]. In a motion filed *before* movant signed the factual proffer and pleaded guilty, counsel acknowledged the truth of the above facts. *See* [Cr-ECF 21, pp. 2-3].

Granted, there was a 23-day delay between the seizure of the laptop and the government's application for a search warrant. It is also true that, in appropriate cases, such delay may warrant suppression of evidence obtained pursuant to the tardy search warrant. *See United States v. Mitchell*, 565 F.3d 1347, 1353 (11th Cir. 2009) (holding that district court erred in denying motion to suppress based on a 21-day delay in securing a search warrant, which was an unreasonable delay under the circumstances). *But see United States v. Laist*, 702 F.3d 608, 610 (11th Cir. 2012) (affirming district court's denial of motion to suppress based on 25-day delay in submitting application for search warrant because, under the circumstances, the delay was reasonable). However, the government contends that, even had the court granted suppression based on the 23-day delay, "law enforcement still would have had the evidence from the . . . investigation where law enforcement downloaded child pornography from [movant's] computer, and also would have had the evidence of child pornography obtained during the border search." [Cv-ECF 13, p. 19]. Movant has not disputed this contention. [Cv-ECF 22, pp. 7-9].

Thus, the record indicates that the government would have had evidence of movant's guilt no matter the outcome of any motion to suppress based on the 23-day delay. Furthermore, while movant contends that the suppression motion would have been "outcome-determinative of [his] decision to go to trial," [*id.* p. 9], movant has not meaningfully alleged, much less shown, that suppression of the evidence

obtained pursuant to the warrant would have changed the outcome of any potential trial. *See Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1218-19 & n.6 (11th Cir. 2015). Additionally, before pleading guilty, movant faced a three-count indictment and a maximum potential sentence of 60 years in prison. *See* [Cr-ECF 10, p. 6]. Moreover, movant stated during the plea colloquy that: (1) the factual proffer was true; (2) he had discussed the case with counsel and was satisfied with his representation; and (3) he was voluntarily pleading guilty because he was in fact guilty. On this record, movant has not shown a reasonable probability that, had the suppression motion been granted, he would have gone to trial. Consequently, ground 3 lacks merit.

D.   <u>Ground 4</u>

Ground 4 is frivolous and should be summarily denied. Movant contends that counsel ineffectively failed to inform him that the offense had a knowledge element. The factual proffer and necessary admissions movant made in pleading guilty contradict this claim.

## IV.   Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). In short, the preceding discussion conclusively shows that

movant's claims are "patently frivolous" and/or "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a § 2255 movant's constitutional claims on the merits, he "must show that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).

Here, the undersigned denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court.

## VI.    Recommendations

Based on the foregoing, it is recommended that movant's motion to vacate [Cv-ECF 1] be DENIED; that no certificate of appealability issue; that final judgment be entered and this case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 8th day of April, 2020.


UNITED STATES MAGISTRATE JUDGE


Copies furnished:

Fulvio Monetti
13055-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194
PRO SE

Frederic Shadley
US Attorney's Office
HIDTA
11200 N.W. 20th Street
Miami, FL 33172
305-715-7649
Fax: 305-715-7639
Email: frederic.shadley@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov