## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24896-CIV-LENARD/REID
(Criminal Case No. 16-20177-Cr-Lenard)

**FULVIO MONETTI,**

     Movant,

**v.**

**UNITED STATES OF AMERICA,**

     Respondent.

_____/

## ORDER MODIFYING, SUPPLEMENTING, AND ADOPTING REPORT OF THE MAGISTRATE JUDGE (D.E. 25), DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (D.E. 1), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Lisette M. Reid issued April 9, 2020, ("Report," D.E. 25), recommending that the Court deny Movant Fulvio Monetti's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on or about September 1, 2018, ("Motion," D.E. 1).  Movant filed Objections on April 21, 2020, ("Objections," D.E. 26), to which the Government filed a Response on May 15, 2020, ("Response," D.E. 29).  Upon review of the Motion, Objections, Response, and the record, the Court finds as follows.

## I.      Background

### a.      Factual and procedural background

Because Movant objects to certain statements made in Judge Reid's recitation of the relevant factual and procedural background of this case, the Court repeats it here, with the objected-to statements in **bold**:

A. Underlying Criminal Case

> 1. *Indictment, Written Plea Agreement, and Factual Proffer*

> A federal grand jury indicted movant for receipt of child pornography (count 1), transportation of child pornography (count 2), and possession of child pornography (count 3).  [Cr-ECF 10].

> Movant pleaded guilty pursuant to a written plea agreement.  [Cr-ECF 31].  The agreement provided that, in exchange for pleading guilty to count 1, the government would seek dismissal of the remaining counts after sentencing.  [*Id.* p. 1].

> Movant also signed a factual proffer.  [Cr-ECF 30].  The proffer states that, on multiple occasions between August 2014 and July 2015, movant knowingly received visual depictions involving the use of a minor engaged in sexually explicit conduct using **his laptop**.  [*Id.* p. 2].  The proffer further states that, during the same time period, investigators: (1) identified four IP addresses sharing child pornography, all of which were assigned to movant's home; and (2) accessed the pornography through the Ares Peer-to-Peer file-sharing network.  [*Id.* p. 1; Cr-ECF 70, p. 4].  Additionally, the proffer states that movant thereafter went to Spain and that, upon return, **his ASUS laptop** was seized pursuant to border authority.  [Cr-ECF 30, p. 1].

> A search of **movant's laptop** showed the Ares software had been downloaded on it, and **his laptop** contained photographs and videos of child pornography.  [*Id.* p. 2; Cr-ECF 70, p. 4].  The proffer adds that movant was the only user of the laptop during the relevant time period.  [Cr-ECF 30, p. 1].

> 2. *Change-of-Plea Hearing*

2

The court held a change-of-plea hearing. [Cr-ECF 62]. Regarding competency, movant stated that he had a bachelor's degree, was not then under the influence of any drug, medication, or alcoholic beverage, and had not recently been hospitalized for any reason or under the care of a doctor or psychiatrist. [*Id.* p. 3]. Likewise, he stated that his ability to understand the charges had not been affected by any drug, medication, or alcoholic beverage. [*Id.*]

The court then discussed movant's rights, including the right to plead not guilty and the right to a jury trial where the prosecution would have to prove his guilt beyond a reasonable doubt. [*Id.* pp. 4-5]. Movant stated that he understood that, by pleading guilty, he was waiving these rights. [*Id.* p. 5].

The court read count 1 of the indictment. [*Id.* p. 6]. Movant, likewise, stated that he had read the indictment. [*Id.* p. 4]. Then, the government stated a factual basis for the offense, averring that, had the case gone to trial, it would have been able to prove those facts beyond a reasonable doubt. [*Id.* pp. 6-9]. Those facts included the facts in the proffer, as well as the fact that investigators recovered 45 video files and **more than 600 images** of child pornography. *See* [*id.*]

Defense counsel responded that, while movant was prepared to stipulate to the facts sufficient for the entry of his plea, counsel believed that the total number of images would be decided by Probation at sentencing because the number was "somewhat in dispute." [*Id.* p. 9].

Initially, movant stated that, given the caveat about the total number of images, he admitted the facts as stated by the prosecutor. [*Id.* p. 10]. Further, he initially stated that he had read the proffer, discussed it with his attorney, and understood it before he signed it. [*Id.*] He also stated that he signed it freely and voluntarily. [*Id.*]

The court then asked movant whether, given the caveat regarding the total number of images, he had any deletions or corrections to the proffer or the factual basis stated in court. [*Id.*] Movant asked to speak with his counsel. [*Id.*] Counsel then stated that, while the image that the government mentioned in court involved a preteen image, the issue of any enhancement for a prepubescent image would be "left up to Probation and [] argument at sentencing." [*Id.* p. 11].

For that reason, the court initially refused to accept the plea. [*Id.*] After counsel stated that movant was ready to go forward with his plea, the

court again asked movant if, given the caveat regarding the total number of images, he had any deletions or corrections to the proffer or the factual basis stated in court.  [*Id.* p. 12].  **Movant stated that, while the title of the preteen image was correct, he would not say that its "content [] pertain[ed] to the title that was read."** [*Id.*]  The court again stated that it would not accept the plea.  [*Id.*]

After conferring with movant, counsel again stated that movant was ready to plead guilty.  [*Id.* p. 13].  The court again asked him if, other than the total number of images, he had any deletions or corrections to the proffer or the factual basis.  [*Id.*]  Movant said that he did not and apologized for the misunderstanding.  [*Id.*]  Further, he stated that he wished to plead guilty to count 1 and was pleading guilty because he was guilty.  [*Id.*]

Regarding sentencing, the court stated that count 1 carried a 5-year minimum sentence and a 20-year maximum sentence and told movant that he could receive any appropriate sentence within this range.  *See* [*id.* pp. 13-14, 17].  Further, the court stated that it could not determine the advisory guideline range until after Probation prepared the Presentence Investigation Report ("PSI").  [*Id.* p. 16].  Movant stated that he discussed the guidelines with his attorney, and the court told him that the sentence imposed could differ from any estimate that his attorney gave him.  [*Id.* pp. 16-17].

Regarding the voluntariness of his plea, movant stated that: (1) he was making his guilty plea freely and voluntarily; (2) no one had forced, threatened, or coerced him to plead guilty; and (3) no one had made any representations to convince him to plead guilty other than those in the plea agreement.  [*Id.* pp. 17-18].  Further, movant stated that he had had enough time to fully confer with his attorney about the case and was satisfied with him.  [*Id.* p. 18].

The court then reviewed the plea agreement.  [*Id.* pp. 18-25].  The court told movant that it could sentence him above or below the advisory guideline range and impose a sentence up to the statutory maximum sentence.  [*Id.* pp. 18-19].  Further, the court stated that any estimate of a sentence or sentencing range that movant might have received from his attorney was a prediction, not a promise, and would not bind the court.  [*Id.* p. 21].  Additionally, the court stated that, if movant's sentence was more severe than expected, the plea agreement and his guilty plea would still bind him.  [*Id.* p. 26].

Movant stated that he had read, understood, and discussed with his attorney the plea agreement before he signed it.  [*Id.* p. 25].  Further, he stated

that no one had made any other promises or assurances to induce him to sign the plea agreement and plead guilty. [*Id.*]  Likewise, he stated that no one had threatened or forced him to sign the plea agreement and plead guilty. [*Id.*]  Movant added that he fully understood all the possible consequences of pleading guilty and had no questions in that regard.  [*Id.* p. 27].

The court found that movant was fully competent and capable of entering an informed plea and that he was aware of the nature of the charge and the consequences of the plea.  [*Id.*]  Further, the court found that the guilty plea was knowing and voluntary and supported by an independent basis of fact containing each of the essential elements of the offense. [*Id.*] The court then accepted the plea and adjudicated movant guilty of count 1. [*Id.*]

### 3. *PSI and Sentencing*

The PSI said that movant's laptop computer "contained 4,518 images of child pornography." *United States v. Monetti*, 705 F. App'x 865, 866 (11th Cir. 2017) (per curiam).  "It also said [that movant] left the Ares program running on his computer, which allowed other users to download the files in his shared folder." *Id.* at 866-67.

"Through that process, he shared 176 files of child pornography with others." *Id.* at 867.  The PSI calculated movant's "total offense level to be 34." *Id.* "This calculation included a two-level increase for distribution of child pornography under . . . [U.S.S.G.] § 2G2.2(b)(3)(F)." *Id.*  The PSI "also set out that [movant] had a criminal history category of I." *Id.*  It thus set movant's "guideline imprisonment range at 151 to 188 months." *Id.*

After hearing the parties' testimony regarding the propriety of the distribution enhancement, the district court overruled movant's objection. *Id.*  The court found that movant "knew files in his shared folder would be shared with others based on two facts: (1) [movant] changed the default sharing settings in the Ares program, which showed he understood that files in the shared folder could be downloaded by other users; and (2) [movant] kept the program running on his computer, which allowed other users to download content from his shared folder." *Id.*

Movant "also requested a variance from the guidelines imprisonment range down to 60-months imprisonment." *Id.* at 868.  When sentencing movant, the court specifically noted that [movant] committed a very, very serious offense, but also that he had no criminal history and the evidence in the record indicate[d] he ha[d] a low risk of recidivism." *Id.* (alteration in

original).  Thus, the court "sentenced [movant] below his guideline range to 144-months imprisonment."  *Id.*; *see also* [Cr-ECF 52; 64].

### 4. *Direct Appeal*

Movant appealed.  *See generally Monetti*, 705 F. App'x 865; [Cr-ECF 70]. The Eleventh Circuit held that the "district court . . . did not err in finding [that movant] knowingly distributed child pornography."  *Monetti*, 705 App'x at 869 (citation omitted).  Further, the Eleventh Circuit rejected movant's argument that his below-guidelines, 144-month sentence was substantively unreasonable.  *Id.*  Therefore, the court affirmed his sentence.  *Id.*

## B. This § 2255 Case

Movant timely filed a § 2255 motion and supporting memorandum. [Cv-ECF 1; 3].  Movant raises four grounds for relief. The first ground alleges that counsel ineffectively failed to investigate "exculpatory evidence."  [Cv-ECF 1, p. 2].  In support, movant contends that: (1) he did not live at the address where the investigators accessed the child pornography; (2) someone else downloaded the child pornography when the laptop was in Italy; (3) counsel failed to interview witnesses, including other people who used the laptop; and (4) movant allegedly passed a polygraph examination of his contention that he was innocent.  [*Id.* pp. 2-7].

The second ground alleges that counsel ineffectively caused movant to plead guilty. In support, he alleges that counsel: (1) **induced him to plead guilty by,** *inter alia***, telling him that he faced long odds at trial and assuring him that he would likely receive a 5-to-6-year sentence if he pleaded guilty**; (2) **advised him not to object to inaccuracies in the plea agreement and factual proffer because he could contest them at the change-of-plea hearing**; and (3) told him to agree to the government's accusations and representations at the change-of-plea hearing even though several of them were untrue and movant wanted to contest them.  [*Id.* pp. 8-15].

The third ground alleges that counsel ineffectively failed to file a motion to suppress based on the government's 23-day delay in requesting a search warrant after seizing his laptop computer.  [*Id.* pp. 17-19].

The fourth ground alleges that counsel ineffectively failed to advise movant that the government had to prove beyond a reasonable doubt that he "knowingly" received the images.  [*Id.* p. 20].

6

The government filed a response.  [Cv-ECF 13].  Movant replied.
[Cv-ECF 22].

(Report at 1-9.)

### b.    Report and recommendation

Judge Reid recommends denying Defendant's claims on their merits, denying an

evidentiary hearing, and denying a certificate of appealability.  (D.E. 25 at 11-17.)  As to

Grounds 1, 2, Judge Reid found that Movant could not establish that counsel was deficient

because the record contradicts the claims.  (Id. at 11-12.)  As to Ground 3, Judge Reid

found that Movant cannot establish that he was prejudiced by counsel's allegedly deficient

performance.  (Id. at 13-15.)  As to Ground 4, Judge Reid found the claim to be "frivolous"

because "[t]he factual proffer and necessary admissions movant made in pleading guilty

contradict this claim."  (Id. at 15.)

### c.    Objections

Movant's Objections can be grouped into three categories: (1) objections to the legal

standards Judge Reid applied, (see Obj. at 1-4); (2) objections to certain statements, which

Movant refers to as "factual findings," made in Judge Reid's Report, (id. at 4-5); and (3) a

sweeping objection "to the R&R's conclusions as being based on wrong standards and

based on wrong facts[,]" (id. at 5).

## II.    Legal Standards

### a.    Report and recommendations

Upon receipt of the Magistrate Judge's Report and Movant's Objections, the Court

must "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>accord</u>
Fed. R. Civ. P. 72(b)(3).  The court must conduct a <u>de novo</u> review of any part of the Report
that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); <u>see</u> 28 U.S.C. § 636(b)(1)
(providing that the district court "shall make a <u>de novo</u> determination of those portions of
the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report
and recommendation must specifically identify those findings objected to.  Frivolous,
conclusive, or general objections need not be considered by the district court."  <u>Marsden v.</u>
<u>Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988).  Those portions of a magistrate judge's
report and recommendation to which no objection has been made are reviewed for clear
error.  <u>See</u> <u>Lombardo v. United States</u>, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); <u>see</u>
<u>also</u> <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree
that [i]n the absence of a timely filed objection, a district court need not conduct a <u>de novo</u>
review, but instead must only satisfy itself that there is no clear error on the face of the
record in order to accept the recommendation.") (internal quotation marks and citations
omitted).  The Court "may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

      **b.**    **Ineffective assistance of counsel**

     Insofar as Petitioner's claims involve allegations of ineffective assistance of
counsel, the two-pronged test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)
applies.  "First, the defendant must show that counsel's performance fell below a threshold
level of competence.  Second, the defendant must show that counsel's errors due to
deficient performance prejudiced his defense such that the reliability of the result is

undermined." Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).  Under the first prong of the Strickland test, Petitioner "must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).  Under the second prong, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  Where, as here, the movant challenges his guilty plea based on his counsel's alleged deficient performance, he can show prejudice only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Winthrop-Redin v. United States, 767 F.3d 1210, 1219 (11th Cir. 2014).

### III.   Discussion

Movant objects to (1) the legal standards Judge Reid applied, (2) certain statements made in Judge Reid's Report, and (3) Judge Reid's conclusions.  The Court will discuss each objection in turn.

#### a.   Objections to legal standards

Movant appears to make three objections to the legal standards Judge Reid applied (or failed to apply).  First, he appears to argue that Judge Reid failed to properly apply the standard for determining whether an evidentiary hearing was warranted on his claims. (Obj. at 1-2.)  Second, he appears to argue that Judge Reid failed to apply the Strickland

standard to his claims. (Id. at 2.)  Third, he argues that Judge Reid applied the incorrect standard for Strickland prejudice as to Ground 3.  (id. at 2-4.)

### 1.      Evidentiary hearing

First, Movant appears to argue that Judge Reid should have ordered an evidentiary hearing because his Motion asserts "very specific allegations" that, if true, would entitle him to relief.  (Obj. at 1-2.)  The Government failed to respond to this argument.

The Court must grant a hearing on a Section 2255 motion to vacate, set aside, or correct sentence "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  "[T]his rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel[.]"  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).  Indeed, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.'"  Id. (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)).[1]

Here, Judge Reid correctly identified and applied this standard.  (See Report at 14-15.)  Specifically, Judge Reid found that the claims made in Grounds 1 and 2 were contradicted by the record, (Report at 11-12), the claim in Ground 4 was "frivolous" and contradicted by the record, (id. at 15), and that as to Ground 3, Movant could not establish

---

[1]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

prejudice from counsel's alleged failure to file a motion to suppress based on a review of the record and due to the other evidence establishing his guilt, (id. at 14-15).  Based on these findings, Judge Reid concluded that

> Movant is not entitled to an evidentiary hearing.  "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]"  See 28 U.S.C. § 2255(b).  In short, the preceding discussion conclusively shows that movant's claims are "patently frivolous" and/or "affirmatively contradicted by the record."

Id. at 15-16 (quoting Holmes, 876 F.2d at 1553).  Accordingly, the Court finds that Judge Reid applied the proper standard for determining whether an evidentiary hearing was warranted on the 2255 Motion.

### 2.   Strickland standard

Next, Defendant appears to argue that Judge Reid failed to apply the Strickland standard to his claims.  (See Mot. at 2.)  He also appears to argue that Judge Reid should not have applied the presumption that statements made during a plea colloquy are truthful. He argues that Judge Reid "should have assessed whether (1) counsel's alleged representation, if true, was deficient, and (2) if so, whether Movant suffered prejudice as a result.  Instead the R&R does not have any evidence that the Strickland Test was actually applied, nor does it mention any results of the test."  (Id. at 2.)

The Government argues that Judge Reid applied the Strickland standard to each claim.  (Resp. at 3-5.)

The court agrees with the Government.  As to Ground 1, Judge Reid explained that the Movant had claimed he was innocent, and that his lawyer was ineffective in failing to investigate his innocence.  (Report at 11.)  However, Judge Reid found that the record

contradicted this claim—specifically, the statements in the signed Factual Proffer and the statements Movant made to the Court during Change of Plea Hearing establish that Defendant was <u>not</u> innocent, and therefore counsel cannot be deemed deficient for failing to investigate his innocence.  (See <u>id.</u>)  Because counsel cannot be deemed deficient, Judge Reid did not need to address prejudice under <u>Strickland</u> and <u>Hill</u>.  See <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the [<u>Strickland</u>] test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (internal citation omitted).  The Court rejects Movant's argument that Judge Reid failed to apply <u>Strickland</u> to Ground 1.

As to Ground 2, Judge Reid explained that Movant claimed "that counsel ineffectively induced movant to plead guilty by telling him he faced long odds at trial, promising him a specific sentence, and advising him to falsely admit his guilt."  (Report at 12.)  However, Judge Reid found that: (1) counsel's alleged advice that Movant faced long odds at trial "was true given the admissions he made in his factual proffer and at the change-of-plea hearing"; and (2) the "record contradicts the contention that counsel promised movant a specific sentence and advised him to falsely admit his guilt"—specifically, Movant stated during the Change of Plea hearing that that no one had coerced him to plead guilty or made any representations to convince him to plead guilty other than those in the plea agreement.  (See <u>id.</u>; Change of Plea Hr'g Tr., Cr-D.E. 17:19 – 18:3.)  Judge Reid further found that Movant had failed to overcome the presumption that the statements he made during the Change of Plea Hearing are truthful.  (Report at 12.)  Because counsel

12

cannot be deemed deficient, Judge Reid did not need to address prejudice under Strickland and Hill. See Holladay, 209 F.3d at 1248.  The Court rejects Movant's argument that Judge Reid failed to apply Strickland to Ground 2.

As to Ground 3, Movant acknowledges that Judge Reid applied a prejudice test, but claims it was the wrong one.  (Obj. at 2.)  Specifically, he cites to Judge Reid's statement that "movant has not meaningfully alleged, much less shown, that suppression of the evidence obtained pursuant to the warrant would have changed the outcome of any potential trial." (Report at 14-15.)  He asserts that pursuant to Lee v. United States, __ U.S. __, 137 S. Ct. 1958, 1965 (2017), this is the wrong standard.  (Obj. at 3.)  In Lee, the Supreme Court stated:

> When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial "would have been different" than the result of the plea bargain. . . . [W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(See Obj. at 3.)  Here, although Judge Reid found that Movant failed to show that a successful motion to suppress would have changed the outcome of any potential trial, Judge Reid ultimately applied the correct prejudice standard to Ground 3, concluding: "On this record, movant has not shown a reasonable probability that, had the suppression motion been granted, he would have gone to trial." (Report at 15.)  Accordingly, the Court rejects Movant's argument that Judge Reid failed to properly apply Strickland to Ground 3.

Finally, as to Ground 4, in which Movant argued that counsel failed to inform him that the offense had a knowledge element, (see D.E. 1 at 20), Judge Reid found the claim to be "frivolous" because "[t]he factual proffer and necessary admissions movant made in pleading guilty contradict this claim." (Report at 15.) Thus, Judge Reid implicitly found that Movant could not establish deficient performance and/or prejudice. The Court finds that because Movant (1) acknowledged during the Change of Plea hearing that he understood that Count 1 of the Indictment charged that he "did knowingly receive" child pornography, (Tr. of Change of Plea Hr'g, Cr-D.E. 62 at 6:5, 9:10-11), and (2) acknowledged in the Factual Proffer and at the Change of Plea hearing that he "knowingly received visual depictions involving the use of a minor engaged in sexually explicit conduct using his laptop[,]" (Factual Proffer at 2; Tr. of Change of Plea Hr'g at 8:10-12, 9:12 – 13:17), he cannot establish prejudice from counsel's alleged failure to inform him that the offense had a knowledge element.

Accordingly, the Court overrules Movant's objections to the legal standards applied by Judge Reid.

### b. Objections to statements made in Report

Next, Movant objects to certain "factual findings" made in the Report. (Obj. at 4-5.) The Court will discuss each in turn.

### 1. Referring to the laptop as "his"

First, Movant objects to the Report's reference to the laptop as "his"—i.e., Movant's—laptop on page 2 of the Report. (Obj. at 4.) He argues that "nowhere in the

record is there a factual stipulation that Movant had ownership of the laptop other than a customs declaration of possession at the border."  (Id.)

The Government argues that in addition to declaring it as his laptop at customs, Movant's ownership of the laptop is reflected in the Factual Proffer (which he swore to under oath), the PSR (the facts of which were not objected to and therefore are deemed admitted), and "the overwhelming evidence compiled by law enforcement, which is reflected in the discovery filed along with the Government's Answer (DE 13-1)."  (Resp. at 6.)

The Court agrees with the Government.  The Factual Proffer states that "[o]n multiple occasions between August 2014 and July 2015, including on or about October 28, 2014, the Defendant knowingly received visual depictions involving the use of a minor engaged in sexually explicit conduct using his laptop."  (Cr-D.E. 30 at 2 (emphasis added).) Movant signed the Factual Proffer, and at the Change of Plea hearing Movant admitted the facts contained in the Factual Proffer, admitted that he signed the Factual Proffer, that he read it before he signed it, that he fully discussed it with his attorney before signing it, that he understood it before he signed it, that he signed it freely and voluntarily, and that he had no deletions or corrections to what was stated in the Factual Proffer (other than the caveat regarding the number of images).  (Cr-D.E. 62 at 10:2 – 13:15.)

Additionally, the unobjected to PSR is replete with references to the laptop as "Monetti's laptop" or "Monetti's computer."  (See PSR ¶¶ 19, 20-21, 23-24 & n.4, 26-27.) For example, the PSR states that the U.S. Department of Homeland Security "discovered 45 video files and 69 photographs containing images of minors engaged in sexually explicit

conduct.  It was noted that all of the images were located in a hidden folder which had been created on Monetti's laptop computer." (Id. ¶ 19 (emphasis added).)  Movant did not object to the PSR's assertion that it was his laptop computer.  (See Cr-D.E. 39.)  Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court 'with specificity and clarity.'"  United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quoting United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006)).

This objection is frivolous and overruled.

## 2.  Change of plea hearing dialogue

Next, Movant objects "to the interpretation of certain parts of dialogue in the Change of Plea transcripts."  (Obj. at 4.)  He argues that the Report paraphrases the transcript and adds words where the Court cuts Movant off.  (Id.)

The Government simply refers the Court to the Transcript of the Change of Plea Hearing.  (Resp. at 6.)

For context, during the change of plea hearing, the Government proffered the facts it was prepared to prove at trial, including that Movant received a video titled "!!!cumcompilation10ons.avi"[2] which, according to the Government "contained a video file depicting multiple preteen children exposing their genitals and engaging in sexual activity, including intercourse and oral sex."  (Cr-D.E. 62 at 9:1-7.)

---

[2]    The Department of Homeland Security's Report of Investigation states that this video is titled: "!!! cum compilation 10anos.avi."  (See D.E. 13-1 at 35.)

It appears that Movant is challenging the following portion of Judge Reid's summary of the Change of Plea hearing:

> [T]he court initially refused to accept the plea. [*Id.*] After counsel stated that movant was ready to go forward with his plea, the court again asked movant if, given the caveat regarding the total number of images, he had any deletions or corrections to the proffer or the factual basis stated in court. [*Id.* p. 12]. **Movant stated that, while the title of the preteen image was correct, he would not say that its "content [] pertain[ed] to the title that was read."** [*Id.*] The court again stated that it would not accept the plea. [*Id.*]

(Report at 12.) The Transcript of this portion of the hearing states:

> THE COURT: Other than the number of images, the caveat given by your lawyer, do you have any deletions or corrections to what was stated in open court or what's contained in the factual proffer?
>
> THE DEFENDANT: I do have one clarification: The title that was read is correct. I will not say that – what's the content of it pertains to the title that was read. But I do agree everything was said is correct. And I'm –

(Cr-D.E. 62 at 12:1-8.)

Movant does not explain how or why Judge Reid's paraphrase of the Transcript is substantively different from the actual Transcript, and the Court cannot divine a material difference. Nor does Movant explain what he was allegedly trying to say during the colloquy that Judge Reid misinterpreted. The Court finds that Judge Reid's summary accurately reflects the Transcript. Accordingly, the Court overrules this objection.

**3. Description of second ground for relief – objections to Plea Agreement and Factual Proffer**

Next, Movant objects to Judge Reid's description of his second claim for relief insofar as it states that counsel erroneously "advised him not to object to inaccuracies in the plea agreement and factual proffer because he could contest them at the change-of-plea

hearing[,]" (Report at 9).  (Mot. at 4.)  He argues that his 2255 Motion and supporting affidavit actually assert that counsel told Movant that he would contest the Plea Agreement's inaccuracies at the sentencing hearing.  (Id.)

The Government argues that the "alleged mis-statement by Judge Reid is immaterial, as it was simply set out in a section of the Report and Recommendation where Judge Reid summarized the arguments presented by the Movant (DE 25 at 9).  Judge Reid did not rely on that minor difference in reaching her conclusion." (Resp. at 6.)  Rather, Judge Reid found that Movant's claim that he was wrongly induced to enter a guilty plea was belied by the record, and specifically, Movant's sworn statements during the Change of Plea hearing, during which he only quibbled with a sentencing enhancement.  (Id.)

Initially, the Court observes that Movant is correct in that the 2255 Motion alleges that counsel coerced Movant to accept the Plea Agreement by advising Movant "that he will present all errors and objections[.]" (Mot. at 9 (emphasis added)).  Thus, to the extent that Judge Reid's Report mischaracterizes Movant's second claim for relief, the Court modifies the Report to reflect that Movant alleges that counsel advised him that he "will present all errors and objections[.]"

However, the Court agrees with the Government that Judge Reid's mis-characterization of the claim is immaterial to her assessment of the merits of the claim and her finding that "[t]he record contradicts the contention that counsel . . . advised him to falsely admit his guilt." (Report at 12.)  Specifically:

> At the change-of-plea hearing, movant stated that no one had coerced him to plead guilty or made any representations to convince him to plead guilty other than those in the plea agreement.  Again, movant's unsupported and

18

conclusory contention that counsel told him to untruthfully make such representations at the change-of-plea hearing fails to overcome the presumption that they were true.  And, to reiterate, the notion that counsel advised movant to falsely admit his guilt contradicts the necessary admissions movant made when pleading guilty.

(<u>Id.</u>)

Thus, to the extent that Movant suggests that Judge Reid's mischaracterization of this claim affected her analysis of the claim, the objection is overruled.

### 4.     Description of second ground for relief – Movant "faced long odds"

Next, Movant objects to Judge Reid's characterization of his second ground for relief that "counsel ineffectively induced movant to plead guilty by telling him he faced long odds at trial," (Report at 12).  (Mot. at 4.)  Movant argues that this is a "gross and substantial understatement."  (<u>Id.</u>)  He argues that the 2255 Motion alleges that "[c]ounsel induced him to plea[d] guilty by providing inaccuracies of trial procedures and the law as well as not pursuing any of Movant's leads about his innocence which if investigated, may have changed Counsel's recommendation as to the plea." (<u>Id.</u> at 4-5.)

The Government argues that Judge Reid's characterization of Ground 2 is not incorrect, and in any event, is immaterial to her denial of the claim on the grounds that the record  contradicts the claim that counsel induced Movant to plead guilty.  (Resp. at 7.) "According to Judge Reid, the factual proffer, the transcript at the change of plea hearing, and the rest of the record contradict the Movant's after-the-fact claims that his plea was not knowing or voluntary.  That conclusion is correct, and should be upheld by this Court." (<u>Id.</u> (internal citation omitted).)

The Court agrees with the Government.  Judge Reid's summary of Ground 2 is just that—a summary.  And it is immaterial to her finding that the claim is contradicted by the record.  Accordingly, this objection is overruled.

### 5.     Number of images of child pornography found on Movant's laptop

Next, Movant objects to Judge Reid's statement that the "facts included the investigators' recovery of 45 video files and more than 600 explicit images of children on his laptop[,]" (Report at 11).  (Obj. at 5.)  He argues that the investigator's report states "45 video files and 68 image files."  (Id.)

The Government argues that the exact number of images or videos is irrelevant to Movant's Sixth Amendment claims, and in any event, the investigator's report states that Movant downloaded over 1,000 files with titles indicative of child pornography.  (Resp. at 7.)

Both Parties appear to be correct.  The Department of Homeland Security's Report of Investigation states that "the forensic examination of Monetti's ASUS laptop . . . revealed forty-five (45) video files of suspected child pornography saved in a hidden folder on the ASUS laptop computer.  The forensic examination also revealed sixty (69) [sic] image files of suspected child pornography saved on the ASUS laptop computer . . . ." (D.E. 13-1 at 35.)  The Report also states that "[t]he forensic examination indicated one-thousand and seventy-four (1,074) files with titles indicative of child pornography were downloaded to the ASUS laptop computer . . . via ARES peer to peer software."  (Id.)

20

To the extent that the Judge Reid's Report incorrectly states that the investigator "recover[ed]" "more than 600 explicit images of children," the Report is hereby modified to state that the forensic examination of Monetti's ASUS laptop revealed forty-five (45) video files of suspected child pornography, sixty-nine (69) image files of suspected child pornography, and that one-thousand and seventy-four (1,074) files with titles indicative of child pornography were downloaded to the ASUS laptop computer via ARES peer to peer software.  (D.E. 13-1 at 35.)

However, the Court finds that the precise number of images of child pornography found on Movant's laptop is immaterial to Judge Reid's finding that Ground 1—in which Movant argues that counsel was ineffective for failing to investigate "exculpatory evidence," (D.E. 1 at 2)—is meritless.

### 6.    Statement regarding effect of failing to file motion to suppress

Next, Movant challenges Judge Reid's reliance on the Government's argument regarding the effect (or lack thereof) of defense counsel's failure to file a motion to suppress.  (Obj. at 5.)

For context, there was a 23-day delay between the seizure of the laptop and the Government's application for a search warrant.  (Report at 14.)

Judge Reid observed that "in appropriate cases, such delay may warrant suppression of evidence obtained pursuant to the tardy search warrant."  (Id. (citing United States v. Mitchell, 565 F.3d 1347, 1353 (11th Cir. 2009), but see United States v. Laist, 702 F.3d 608, 610 (11th Cir. 2012) (affirming district court's denial of motion to suppress based on 25-day delay in submitting application for search warrant because, under the

21

circumstances, the delay was reasonable)).)  However, Judge Reid appeared to credit the Government's argument that "even had the court granted suppression based on the 23-day delay, 'law enforcement still would have had the evidence from the . . . investigation where law enforcement downloaded child pornography from [movant's] computer, and also would have had the evidence of child pornography obtained during the border search.'" (Id. (quoting D.E. 13 at 19).)   Judge Reid stated that "Movant has not disputed this contention."  (Id. (citing D.E. 22 at 7-9).)

In his Objections, Movant argues that he did, in fact, dispute the Government's contention in his Reply to the Government's Response.  (Obj. at 5 (citing D.E. 22 at 6-9).)

Movant is wrong.  He did not reply to the Government's argument that even if the Court had granted a motion to suppress based on the 23-day delay "law enforcement still would have had the evidence from the . . . investigation where law enforcement downloaded child pornography from [movant's] computer, and also would have had the evidence of child pornography obtained during the border search[,]" (D.E. 13 at 19).  (See generally D.E. 22 at 6-9.)[3]  Thus, to the extent that Movant objects to Judge Reid's statement that "Movant has not disputed this contention[,]" (Report at 14), the objection is overruled.

---

[3]        In his Reply, Movant responded to the Government's arguments that: (1) Movant may not raise claims for the deprivation of constitutional rights that occurred prior to the entry of the plea, (id. at 7); (2) Movant's statements during the change of plea hearing refute this claim; and (3) the 23-day delay was not unreasonable pursuant to United States v. Laist, 702 F.3d 608, 610 (11th Cir. 2012).  However, he did not respond to the Government's argument that even if the Court had granted suppression based on the 23-day delay, "law enforcement still would have had the evidence from the . . . investigation where law enforcement downloaded child pornography from [movant's] computer, and also would have had the evidence of child pornography obtained during the border search."  (D.E. 13 at 19.)

Movant does not appear to object to Judge Reid's finding that "the record indicates that the government would have had evidence of movant's guilt no matter the outcome of any motion to suppress based on the 23-day delay." (Id.) Rather, he appears to concede that the Government would have had evidence of Movant's guilt regardless of the outcome of any motion to suppress, but argues that he would have insisted on going to trial to contest that evidence. (Obj. at 5.)

The Court finds that Movant has failed to establish a reasonable probability that but for counsel's alleged error in failing to investigate and present evidence of the Government's 23-day delay in requesting a search warrant, he would have not pled guilty and insisted on going to trial. Movant's conclusory assertion that he would have insisted on going to trial to challenge the evidence is simply insufficient to establish prejudice. Movant fails to mention that if he would have gone to trial he would have been prosecuted on three charges—(1) receipt of child pornography; (2) transportation of child pornography; and (3) possession of child pornography, (Cr-D.E. 10)—all of which carried potential terms of twenty years' imprisonment. See 18 U.S.C. § 2252 (2015). Even if a motion to suppress based on an unreasonable 23-day delay had been successful, Movant concedes that the Government still would have had evidence against him, (see Obj. at 5), and according to the Government, quite a bit of evidence, (see Resp. at 8). Movant has not presented "reasonably specific, non-conclusory facts" showing a reasonable probability that but for counsel's alleged error in investigating and presenting a motion to suppress based on a 23-day delay in requesting a search warrant, he would not have pleaded guilty

and would have insisted on going to trial.   <u>Winthrop-Redin</u>, 767 F.3d at 1216.

Consequently, he is not entitled to an evidentiary hearing on this issue, and the claim fails.

     **c.**    **Objections to the Reports Conclusions**

Finally, Movant asserts a sweeping, conclusory objection "to the R&R's conclusions as being based on wrong standards and based on wrong facts."  (Obj. at 5.) However, the Court has demonstrated that Judge Reid did not apply the wrong standards, and even if she mischaracterized the facts, such mischaracterizations were immaterial to the disposition of Movant's claims.  As such, this objection is overruled for the reasons previously stated in this Order.

**IV.**    **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.**    The Report of the Magistrate Judge (D.E. 25) is **ADOPTED AS MODIFIED AND SUPPLEMENTED** herein;

**2.**    Movant Fulvio Monetti's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1) is **DENIED**;

**3.**    A Certificate of Appealability **SHALL NOT ISSUE**;

**4.**    All pending motions are **DENIED AS MOOT**; and

5.      This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of October, 2020.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**